

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. **5:05CR532** |
| Plaintiff, | ) | Judge: |
| | ) | |
| vs. | ) | Violations: **JUDGE O'MALLEY** |
| | ) | Title 18, United States Code, Sections 371 |
| EDDIE JU LING NI, | ) | and 2; Title 8, United States Code, Section |
| | ) | 1324a. |
| Defendant. | ) | |

INFORMATION

The United States Attorney charges:

GENERAL ALLEGATIONS

1. At all times relevant to this Information, the Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury and was empowered to collect taxes that were due and owing to the United States by operation of law, including Title 26, United States Code. As part of its lawful and legitimate duties, the IRS was responsible for collecting and receiving FICA taxes ("payroll taxes") that were due and owing from employers and employees as a result of income that was earned by gainful employment.

- 2 -

2. The defendant, EDDIE JU LING NI ("Defendant" or "NI"), was at all times relevant to this Information a businessman who owned and operated Chinese restaurants in the Northern District of Ohio, Eastern Division, and elsewhere both directly and through various corporate entities ("Ni businesses").

3. At the times relevant to this information, the restaurants operated by Ni and others with whom he worked were Ni's International Dynasty Buffet, Super International Buffet and Lounge, Dynasty International, Ni's Express, and No. 1 Great Buffet, among others. As an owner of these restaurants, NI supervised, either directly or indirectly, various managers ("Ni Restaurant Managers" or "Managers") and, through them, various employees who worked in and for the Ni businesses ("Ni Restaurant Employees"). Among other things, NI and the Ni Restaurant Managers worked together to hire the Ni Restaurant Employees.

4. At the times relevant to this information, as an employer, NI had the responsibility to ensure that payroll taxes due and owing were paid to the IRS as required by Title 26, United States Code.

The United States Attorney further charges:

## COUNT 1

(Conspiracy to Defraud the United States: 18 U.S.C. § 371)

1. Paragraphs 1-4 of the General Allegations set forth in this Information are incorporated by reference in this count.

2. From in or about 2001 until in or about 2004, the exact dates being unknown to the United States, in the Northern District of Ohio, Eastern Division and elsewhere, EDDIE JU LING NI, defendant herein, and others known and unknown to the United States, did knowingly

- 3 -

and willfully conspire, combine, confederate and agree with each other to defraud the IRS, an agency of the United States, in the legitimate performance of its duty to collect taxes and to commit the following offenses against the United States:

    A.    Willfully attempting in any manner to evade and defeat payment of payroll taxes imposed by Title 26, United States Code, that were due and owing to the IRS, in violation to Title 26, United States Code, Section 7201; and

    B.    Willfully failing to collect and truthfully account and pay over payroll taxes imposed by law that were due and owing to the IRS, in violation of Title 26, United States Code, Section 7202.

## MANNER AND MEANS

3. It was part of the manner and means of the conspiracy that the conspirators agreed not to pay over to the IRS payroll taxes in the amount of approximately $27,029 that they knew to be due and owing based on the compensation being provided to employees who worked for NI and the Ni businesses. This amount represents both the employees' and employer's share of the FICA payroll taxes for the NI businesses.

## OVERT ACTS

4. In furtherance of the conspiracy and to effectuate its goals, NI and his coconspirators took the following overt acts, among others, in the Northern District of Ohio and elsewhere.

5. In or about 2001, NI provided compensation to unnamed Ni Restaurant Employees without withholding or paying over payroll taxes as required by law.

- 4 -

6.   In or about 2002, NI provided compensation to unnamed Ni Restaurant Employees without withholding or paying over payroll taxes as required by law.

7.   In or about 2003, NI provided compensation to unnamed Ni Restaurant Employees without withholding or paying over payroll taxes as required by law.

8.   In or about 2004, NI provided compensation to unnamed Ni Restaurant Employees without withholding or paying over payroll taxes as required by law.

All in violation of Title 18, United States Code, Section 371.

The United States Attorney further charges:

## COUNT 2

(Unlawful Employment of Aliens: 8 U.S.C. § 1324a)

1.   Paragraphs 1-4 of the General Allegations set forth in this Information are incorporated by reference in this count.

2.   From in or about 2001 until in or about 2004, the exact dates being unknown to the United States, in the Northern District of Ohio, Eastern Division and elsewhere, EDDIE JU LING NI, defendant herein, and others known and unknown to the United States, aiding and abetting each other, did knowingly and willfully engage in a pattern and practice of hiring and recruiting for employment in the United States unauthorized aliens, as defined by Title 8, United States Code, Section 1324a(h)(3), with respect to such employment.

- 5 -

3. From in or about 2001 until in or about 2004, the exact dates being unknown to the United States, in the Northern District of Ohio, Eastern Division and elsewhere, EDDIE JU LING NI, defendant herein, hired and caused to be hired and employed at least 20 Chinese immigrant aliens who were not lawfully present in the United States to be employed in the Ni businesses.

All in violation of Title 8, United States Code, Sections 1324a(a)(1)(a) and (f)(1) and Title 18, United States Code, Section 2.

GREGORY A. WHITE
UNITED STATES ATTORNEY